Peter Robert GILLEN, Jr., Appellant,

v.

WILLIAMS BROTHERS CONSTRUC-
TION COMPANY, INC., Appellee.

No. 14–95–00330–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 8, 1996.

Rehearing Overruled March 21, 1996.

David W. Holman, Craig Lewis, Houston,
for appellant.

Shelley Rogers, Richard Sheehy, Houston,
for appellee.

Before YATES, FOWLER and O'NEILL,
JJ.

**OPINION**

PER CURIAM.

This is an appeal from a take-nothing judg-
ment. After this court granted three exten-
sions of time to file the statement of facts,

appellant, Peter Robert Gillen, Jr. (Gillen), moved for summary reversal and remand for new trial because the court reporter cannot produce the statement of facts from the trial of this case. We grant the motion, reverse the judgment, and remand for new trial. *See* TEX.R.APP.P. 50(e).

Gillen attached an affidavit from the official court reporter who took notes of the testimony for the first six days of trial in this case. In her affidavit, the court reporter avers that, despite diligent efforts to reconstruct a statement of facts, she is unable to do so and, therefore, will be unable to certify a statement of facts in this case.

She asserts she was unable to keep up the pace of the trial, complained to the trial judge about the speed, and was told to get a tape recorder. She got a tape recorder, which subsequently failed. After the sixth day of trial, the court reporter once again complained to the judge who told her to quit if she couldn't do her job. She engaged a substitute court reporter and subsequently resigned her job. According to her affidavit, "The notes are sketchy, truncated, have places in them where I wrote 'gap/gap' so that I would know there was an area of many words missing."

Appellee, Williams Brothers Construction Company, Inc. (Williams), filed an objection to the court reporter's affidavit and filed a response to the motion to reverse and remand. Gillen filed a reply to Williams' response that included an affidavit of his trial counsel.

If, for sake of argument, we sustain all of Williams's objections to the court reporter's affidavit, the affidavit is still sufficient to demonstrate that the court reporter cannot and will not be able to certify a statement of facts in this case because portions of the testimony are not present either in her stenographic notes or on the tape-recorded testimony. Williams asserts four arguments to defeat Gillen's motion to reverse and remand: (1) the notes are not "lost or destroyed"; (2) Gillen has not provided the court with the record that is available so the court can determine the nature and extent of

any missing portions to see if the "missing testimony" is really necessary for a review of the case; (3) Gillen is not without fault; and (4) there has been no attempt to agree on the statement of facts.

 Rule 50(e) provides that "If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts." TEX.R.APP.P. 50(e). The first issue to consider is whether the statement of facts in this case were "lost or destroyed" as contemplated by the rules. We hold that they were.

Williams argues that the notes were not lost or destroyed because they never existed. He cites *Rogers v. Cigna Ins. Co.*, 881 S.W.2d 177, 181 (Tex.App.—Houston [1st Dist.] 1994, no writ) to support his argument. In *Rogers* the court reporter left the courtroom while videotaped depositions were played for the jury. The reporter, consequently, did not take notes of the videotaped testimony.[1] The parties were aware the court reporter was not taking notes at trial when the videotape was played. We decline to adopt the *Rogers* rule in this case.

The facts are significantly different. The court reporter was present while testimony was being given in this case and, presumably, was taking notes of the testimony. Further we believe the word "lost," defined as "beyond reach or attainment," is broad enough to encompass the missing notes in this case. *See* WEBSTER'S NEW COLLEGIATE DICTIONARY (1979).

 Williams also relies on this court's opinion in *Born v. Virginia City Dance Hall and Saloon*, 857 S.W.2d 951 (Tex.App.— Houston [14th Dist.] 1993, writ denied). In *Born*, the trial was electronically recorded. Appellants complained that portions of the testimony were inaccurate. The court noted that the rules governing electronic recording of trials require a transcription only of relevant portions of the statement of facts, a requirement similar to the rule governing

---

1. A court reporter had taken notes of the videotaped testimony at the time of the depositions, however.

**164**

partial statement of facts. See TEX.R.APP.P. 53(d). The rules governing electronic recording and partial statement of facts both presume that omitted portions of the record support the trial court's judgment. *See Born* at 954. There is no such rule governing a full statement of facts in which the testimony was taken by a court reporter.

 Williams also argues that appellant has not brought any statement of facts to this court to demonstrate that he is harmed by the omission of some testimony. Williams again relies on our opinion in *Born* in which we noted that the appellants had not demonstrated harm. *Id.* We do not adopt the rule from *Born* because this case does not involve electronic recording and because a later case from this court specifically addresses the question of the necessity of providing the record that is available to demonstrate harm. That later case also discusses the question of agreeing to the available statement of facts, another argument advanced by Williams.

 In *Owens–Illinois, Inc. v. Chatham,* 899 S.W.2d 722 (Tex.App.—Houston [14th Dist.] 1995, writ dism'd), this court wrote a lengthy dissertation on Rule 50(e). In *Chatham,* this court held that Rule 50(e) did not require an appellant to demonstrate harm resulting from having an incomplete statement of facts. *Id.* at 733. *Chatham* also clearly held that an appellant was not required to agree to a reconstructed statement of facts. *Id.* We apply Chatham to the facts of this case and overrule Williams' first, second, and fourth contentions.

 Williams' only remaining argument against Gillen's motion to reverse the judgment of the trial court is his assertion that Gillen was partially at fault because he took no action to remedy the problems the court reporter was having at trial. Williams does not articulate what Gillen should have done to ensure the court reporter took the transcription properly and that the tape recorder was working properly. Indeed, Williams implies that Gillen should have had his own court reporter take the testimony. ("Plaintiff had his own court reporter or technician present at the beginning of the trial, and then decided for whatever reason not to continue with the use of that person." Affidavit of Shelley Rogers filed with Williams' re-

sponse to the motion to reverse and remand). We certainly will not suggest that any party should have to provide its own court reporter for trial proceedings.

Further, we do not agree, as Williams contends, that not objecting to a court reporter leaving the courtroom during testimony (the situation in the *Rogers* case) is the same as not taking some action when a court reporter, present and presumably taking notes at trial, allegedly claims she is having trouble getting the testimony.

It is undisputed that Gillen timely requested the statement of facts and timely filed motions to extend time to file the record. It is also undisputed that the court reporter will not or cannot certify the statement of facts in this case. Under these circumstances, we believe we must reverse the judgment and remand the case for a new trial.