**Penny Eloyce RICHARDSON, Appellant,**

v.

**Milton Barry RICHARDSON, Appellee.**

No. 09–96–291 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Jan. 22, 1998.

Decided May 7, 1998.

Bruce N. Smith, Beaumont, for appellant.

March Coffield, Seale, Stover, Coffield & Bisbey, Jasper, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

**OPINION**

WALKER, Chief Justice.

This is an appeal from the trial court's division of property in a divorce proceeding

---

between appellant and appellee. In this bifurcated matter, the child custody aspect of the divorce was tried before a jury in April 1996. The division of property was later tried before the court in May 1996.

Appellant brings the following point of error:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION, BY CHARACTERIZING TRACEABLE, SEPARATE PROPERTY AS COMMUNITY PROPERTY, BUT THIS COURT CANNOT PROPERLY REVIEW THE RECORD FOR ABUSE AS THE RECORD BEFORE IT IS INCOMPLETE.

A. WHEN, THROUGH NO FAULT OF APPELLANT, THIS REVIEWING COURT DOES NOT HAVE A COMPLETE RECORD BEFORE IT, APPELLANT IS ENTITLED TO A NEW TRIAL.

B. AS A MATTER OF EQUITY, APPELLANT IS ENTITLED TO NEW TRIAL ON THE ISSUE OF A JUST AND RIGHT DIVISION OF PROPERTY.

The record reflects that on November 3, 1995, the trial judge signed Temporary Orders requiring both appellant and appellee to: "... furnish opposing counsel a sworn Inventory and Appraisement of the separate and community property owned by the parties on the form prescribed by the State Bar of Texas. IT IS ORDERED that the Inventory be furnished to opposing counsel within thirty (30) days from the date of this Order."

Appellee, Milton Barry Richardson, filed his court ordered Inventory and Appraisement on January 5, 1996. According to Mr. Richardson's affidavit attached to said inventory and appraisement, same was sworn to by appellee on December 26, 1995. When this matter came to trial in April 1996, appellant Penny Eloyce Richardson had not complied with the court's Temporary Orders in filing the required inventory and appraisement. In appellee's Motion to Exclude Evidence, appellee sets out that appellee's counsel had made three requests to appellant's counsel for such inventory and appraisements, however, such was never received. The trial court granted appellee's Motion to Exclude Evidence and denied appellant's Motion for Continuance.

At trial, appellant was precluded from testifying to the traceable character of her alleged separate property from which she claimed reimbursement from the community estate. Further, appellant contends that she was prevented from testifying to the value of any property regardless of its character. The uncontested record reflects that appellant inherited approximately $83,000 in 1992 as her separate property. Though appellant failed to file her inventory and appraisement setting out and tracing the whereabouts and expenditures of such monies, appellee in answers to interrogatories states, "My wife inherited about $83,000 in about 1992. I don't know what she did with the money. Some of it was spent on bills and a lot of it was given to her family."

Appellant's multifarious point of error initially complains of trial court error in the characterization of the marital estate of the parties. However, the only authority appellant provides in her brief centers on the issue of the alleged incomplete record provided to us for review. Appellant makes absolutely no complaint regarding the trial court's ruling that excluded her testimony as to the value and character of the marital estate. Therefore, the lone issue we must resolve is whether or not the record before us is "lost or destroyed" so as to permit appellant to have a new trial.

TEX.R.APP. P. 50(e) provides:

(e) Lost or Destroyed Record. When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.

The record before us reflects that at page 64 of the statement of facts, the "steno machine" began to malfunction resulting in gaps in the testimony. The problem continued for

a few more lines of testimony at which point the following notation appears:

> (After being advised by the court reporter that her steno machine was inoperable, both counsel agreed to continue the hearing with a tape recording only.)

Three more pages of partial testimony appears in the statement of facts and then the following final parenthetical notation: "(End of transcription of proceedings. The tape recording is enclosed as part of the record.)"

Unfortunately, the quality of the tape recording provided to us is very poor. Portions of what appears to be testimony are audible, but questions from counsel are not. The problem with the tape recording was apparently not discovered at the conclusion of the trial as appellant's motion for new trial is silent as to the problem, focusing instead on alleged ineffective assistance of appellant's trial counsel in failing to file her sworn inventory. A statement of facts of the motion for new trial hearing is contained in the record before us. Indeed, the awareness of the problem with the recording of the trial testimony does not appear until appellant's fourth motion for extension of time to file the statement of facts. Accompanying said motion is an affidavit from the court reporter which includes the following pertinent information:

> I will need an additional thirty (30) days to prepare the Statement of Facts. I need the additional time due to technical difficulties with my stenographic machine at the time I was reporting this matter. After agreement of both counsel, I reported some of this matter by recording it on a tape recorder. Much of the tape is inaudible without special equipment. We are in the process of attempting to have the back ground (sic) noise on the tape reduced to clarify the quality of the tape so that I can properly transcribe the testimony.

A fifth motion for extension of time was granted appellant and then the Court received from appellant an instrument entitled, "Motion To Abate The Appeal." Said motion, filed on March 18, 1997, stated that the quality of the tape recorded testimony made transcription of same "impossible, even though Counsel for Appellant has made ev-

ery effort to have the quality of the tape improved to remove background noise so that a transcription can be done." Appellant's motion then reads that counsel was attempting to obtain an agreed statement of facts "as provided by Rule 50 of the Texas Rules of Appellate Procedure." Curiously, our records indicate that on March 19, 1997, the day after the motion to abate was filed, the statement of facts, including the original tape recording, was filed with this Court. There was no further correspondence to this Court from appellant regarding any subsequent efforts at creating an agreed statement of facts. Appellant's brief was filed with us on May 28, 1997.

In her "Preliminary Statement of the Nature of the Case" contained on page 2 of her brief, appellant contends, "A motion for new trial was timely filed on the issue of property and the court's error." This is incorrect in that the sole issue raised and heard at the motion for new trial hearing was that of the alleged ineffectiveness of trial counsel. Trial court error was not raised, nor was the issue of a "lost or destroyed" record. Appellant further contends on page 2 of her brief that, "Complete transcript of the entire proceeding was sought and requested." While the transcript prepared by the district clerk does contain a written request from appellant for that record, the record before us contains no written request from appellant for the statement of facts.

■ Appellant is entitled to a new trial under the provisions of Rule 50(e) if: (1) the appellant has made a timely request for a statement of facts, (2) the court reporter's notes and records "have been lost or destroyed," and (3) the parties do not agree on a statement of facts. *Rogers v. Cigna Ins. Co. of Texas*, 881 S.W.2d 177, 181 (Tex. App.—Houston [1st Dist.] 1994, no writ). Addressing the second requirement, we read it as contemplating that testimony was actually memorialized by some method and that the existing memorialized testimony was either lost or destroyed. The method for memorializing the testimony after the reporter's stenographic machine malfunctioned was agreed to by appellant and does exist; we have it in our possession. The necessity for

ensuring that the recording device was functioning properly as the trial progressed should have been obvious to one or both of the parties at the time.

The Texas Supreme Court has recognized that

> [t]he duty to protect the record does not spring into being only at the conclusion of trial, when the appellant begins the steps to perfect an appeal. At every stage of the proceedings in the trial court, litigants must exercise some diligence to ensure that a record of any error will be available in the event that an appeal will be necessary.

*Piotrowski v. Minns,* 873 S.W.2d 368, 370 (Tex.1993). In the instant case, we find that appellant failed to meet the second requirement of Rule 50(e). Point of error one is overruled. The judgment of the trial court is affirmed.

AFFIRMED.

STOVER, Justice, dissenting.

I respectfully dissent to the majority's analysis of the facts under Rule 50(e). Under the provisions of Rule 50(e), if the parties do not agree on a statement of facts, an appellant is entitled to a new trial if "the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault." TEX. R.APP. P. 50(e). The majority holds that appellant lacked diligence in ensuring that the court reporter's recording device was properly functioning. I disagree.

This case is factually similar to *Gillen v. Williams Bros. Const. Co., Inc.,* 933 S.W.2d 162 (Tex.App.—Houston [14th Dist.] 1996, writ denied). In *Gillen,* the court reporter was unable to keep pace with the speed of trial and was told to get a tape recorder. The tape recorder subsequently failed and the resulting notes were sketchy, truncated, and contained gaps. The appellee argued that appellant was partially at fault because appellant took no action to remedy the problems the court reporter was having at trial. The court held that the appellant was not at fault for the court reporter's failure to pro-

vide a full statement of facts, so as to preclude the granting of a new trial. *Id.* at 164. Basing its decision on Rule 50(e), the court reversed the judgment and remanded for a new trial.

In the instant case, shortly after the proceeding was underway, the court reporter's machine became inoperable. Both sides were advised of the problem and it was agreed to continue with a tape recorder. Unknown to anyone, within minutes, the tape recorder began to malfunction. Although the taped recordings are part of the record, those recordings are partially inaudible. There is no evidence in the record to suggest that, at trial, either party was aware that a second problem—that of the faulty recorder—existed. In fact it would appear to the contrary—that the initial problem had been remedied and a memorialization of the proceedings was properly being conducted.

While it is undeniably true that litigants have a duty to ensure that a proper record is made for appellate review, a certain amount of reliance must be placed upon professional court reporters during trial proceedings. In my view, appellant was sufficiently diligent in protecting the record for appeal. Therefore, I would reverse and remand.