

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-23-00326-CV

---

Yousif H. Alazzawi, Appellant

v.

Shrooq F. M. Algharrawi, Appellee

---

On Appeal from the 45th District Court
Bexar County, Texas
Trial Court No. 2019-CI-01827

---

## SUBSTITUTE OPINION[1]

Appellee Shrooq F. M. Algharrawi has filed a motion for rehearing. We deny Algharrawi's motion for rehearing, withdraw our opinion and judgment dated February 20, 2026, and substitute the following opinion in its place.

Pending before the Court is Appellant Yousif H. Alazzawi's motion to remand for new trial due to the loss of a portion of the reporter's record. Because we agree that a significant and

---

[1] This case was transferred from the Fourth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* Tex. Gov't Code Ann. § 73.001. We apply the precedent of the Fourth Court of Appeals to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

necessary portion of the record is lost and destroyed, we grant Alazzawi's motion, reverse the trial court's judgment, and remand the cause for a new trial.

## I. BACKGROUND

On October 26, 2023, Alazzawi filed a notice of appeal challenging a final decree of divorce signed on September 26, 2023, and from an amended final protective order granted in favor of Appellee Shrooq F. M. Algharrawi during the divorce proceeding. The reporter's record was originally due in this Court on January 24, 2024. On September 26, 2024, after numerous extensions and other unsuccessful attempts to secure a record, David Laurel, the official court reporter of the trial court, untimely filed a partial reporter's record consisting of 17 volumes. With his submission, Laurel notified this Court of inaccessible files, describing that the "records from 6/25/21 and 6/28/21 are unable to be opened by [his] stenographic software to be transcribed." Alazzawi subsequently filed a motion for new trial in this Court, pursuant to Rule 34.6(f) of the Texas Rules of Appellate Procedure, on the basis that portions of the reporter's record had been lost or destroyed.

Over the course of the following year, to enable this Court to resolve Alazzawi's motion and determine whether he was entitled to a new trial pursuant to Rule 34.6(f), we remanded the case multiple times to obtain required findings from the trial court. For example, on November 12, 2024, we abated the appeal and remanded the case for an evidentiary hearing in the trial court. Our abatement order requested findings of fact on whether portions of the record were lost or destroyed. *See* Tex. R. App. P. 34.6(e) and (f). After holding a hearing, the trial court found that *no* parts of the record had been irretrievably lost or destroyed, though some portions of the record had not yet been transcribed. The court found that Zoom recordings of proceedings existed for certain missing trial days and post-trial hearings. Specifically, it found that the transcripts for the June 25 and

2

June 28, 2021 hearings—primarily consisting of testimony of Algharrawi translated from Arabic to English through a translator—were corrupted on the reporter's hard drive such that the English translation provided by the certified translator was not clearly audible. It further found the record could be reconstructed by translating Arabic responses into English from the Zoom recordings. Moreover, similar findings were entered for missing hearings held on August 31, 2021, and January 12, 2022, which were also recorded via Zoom and included portions of inaudible English translations. Finally, the trial court found that a December 20, 2021 hearing was actually reported by another court reporter and it could be available pending additional follow-up.

Alazzawi thereafter filed a status update in this Court indicating there were additional issues concerning the audio quality of the Zoom recordings. On that basis, he reported he had sought reconsideration of the trial court's findings of fact and for it to make additional findings. We extended the abatement and ordered the parties to file a status update of any additional proceedings held in the trial court. Following receipt of an update, we ordered the trial court to enter any orders necessary to resolve outstanding issues concerning the reporter's record. Thereafter, while this case remained abated, Algharrawi filed a motion to compel Laurel to appear before this Court and to stay the trial court's order for new trial. Her motion urged that Laurel did not appear at any of the remand hearings and, therefore, no evidence supported the trial court's conclusion.

On June 20, 2025, we reinstated the appeal. We noted then that we still lacked the required findings and information needed to determine whether a new trial was warranted per Rule 34.6. On that basis, we granted Algharrawi's motion to compel[2] and further noted we would enter

---

[2] On August 18, 2025, we issued an order to show cause as to why Laurel should not be held in contempt for failure to file a complete reporter's record. We subsequently canceled the show cause hearing as moot after remanding to the trial court.

additional orders necessary to resolve the dispute. Alazzawi again filed a motion to remand the case for a new trial and, unlike before, he included an order granting a new trial signed by the trial court on May 27, 2025. We denied Alazzawi's motion, concluding the trial court's order was void as it went beyond the scope of our remand order.

On September 15, 2025, this Court again ordered the trial court to hold an evidentiary hearing and make specific fact findings. On November 20, 2025, the district clerk filed a second supplemental clerk's record containing the trial court's findings of fact. Within those findings, the trial court noted it held a hearing on October 7, in which the parties appeared remotely, counsel for both parties appeared in person, and Laurel appeared remotely and testified under oath. Following the hearing, the trial court found that all trial court proceedings were conducted remotely via Zoom and that Laurel transcribed the proceedings through a stenograph machine, with back-up audio and visual recordings. Upon Alazzawi's request, Laurel used his notes from and recordings of the proceedings to prepare a partial official reporter's record of the proceedings. For testimony given at hearings on June 24, 2021, June 25, 2021, and January 12, 2022, the trial court found that the Zoom recordings did *not* capture the Arabic translation of the English questions posed to Algharrawi, nor the English translation of her answers given in Arabic. It further found that, although questions and answers were audible on Zoom recordings, Laurel was not able to transcribe testimony spoken in Arabic. The trial court thus found that portions of the record were unavailable for transcription by Laurel unless translated from Arabic to English.

In sum, the trial court found that "[b]ecause Laurel made a Zoom recording of the questions asked and the witnesses' responses (although in native Arabic)," no significant portion of the court reporter's notes and records have been lost or destroyed. It further found that because no portions had been lost or destroyed, it made no finding as to "whether any lost or destroyed portions are

4

necessary to the appeal's resolution" or whether they could be replaced. Finally, it found that the parties were unable to agree on replacements of the inaudible translations in the record.

At this juncture, after numerous requests by this Court, we conclude the trial court has provided the findings required for this Court to determine whether Appellant is entitled to a new trial pursuant to Texas Rule of Appellate Procedure 34.6(f).

## II. DISCUSSION

Rule 34.6 of the Texas Rules of Appellate Procedure provides that a party is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or--if the proceedings were electronically recorded--a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f). All four circumstances must be established. "Generally, we review a trial court's Rule 34.6(f) findings for an abuse of discretion." *In re A.B.*, No. 02-24-00264-CV, 2025 WL 1668332, at *2 n.6 (Tex. App.—Fort Worth June 12, 2025, no pet.) (mem. op.). However, "[w]hen . . . the relevant facts are not disputed, the issue on appeal becomes the proper construction of specific statutory provisions and application of those provisions to the undisputed facts of the case." *AutoNation Fort Worth Motors, Ltd. v. Mitchell*, No. 02-25-00071-CV, 2025 WL 2884210, at *3 n.2 (Tex. App.—Fort Worth Oct. 9, 2025, pet. filed) (mem. op.) (citing *LJA Eng'g Inc. v.*

*Santos*, 652 S.W.3d 916, 919 (Tex. App.—Houston [14th Dist.] 2022, no pet.)). In that circumstance, our standard of review is de novo. *Id.*

Here, Alazzawi timely requested the reporter's record and made numerous subsequent requests. As the trial court found, Laurel was unable to transcribe portions of the testimony given in Arabic because the English translation was inaudible on the recording and could not be recovered without further translation. No fault for this circumstance can be attributed to Alazzawi. For this reason, a portion of Algharrawi's trial testimony, to include hearings held on the application for a protective order, were not properly recorded; and, therefore, they are missing from the record. These portions of the record are deemed lost for purposes of Rule 34.6(f). *See Gillen v. Williams Bros. Const. Co.*, 933 S.W.2d 162, 163 (Tex. App.—Houston [14th Dist.] 1996, no pet.) (per curiam) (stating "the word 'lost,' defined as 'beyond reach or attainment,' is broad enough to encompass" notes that were *not* taken by court reporter (quoting Webster's New Collegiate Dictionary (1979))).

Further, this is an appeal from a divorce judgment and a protective order, and Algharrawi's testimony is necessary to the appeal's resolution. The Texas Supreme Court has held that, "when an appellant complains of the factual or legal sufficiency of the evidence, the appellant's burden to show that the judgment is erroneous cannot be discharged in the absence of a complete or an agreed statement of facts." *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) (per curiam). The issue is not limited to whether this Court "can be convinced by the missing testimony to reverse the trial court's judgment." *Gavrel v. Rodriguez*, 225 S.W.3d 758, 763 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Instead, the issue is "whether [the missing] testimony is necessary to the resolution of the appeal." *Id.* This is because "[t]he 'appeal's resolution' encompasses both affirmance and reversal of the trial court's judgment." *Id.* As a result, in the absence of a complete record, "it is impossible to review all the evidence presented to the [factfinder] or to apply the

appropriate evidentiary sufficiency standard of review." *Id.* We conclude that the lost portion of the record is necessary to the appeal's resolution.

Lastly, as the trial court found, the parties are unable to agree on replacements of the inaudible translations in the record. Thus, we conclude that the lost portion of the record cannot be replaced by agreement of the parties.[3]

Despite the trial court finding that the reporter's record was not lost or destroyed, we disagree with its conclusion and determine that Alazzawi is entitled to a new trial. *See Coplin v. Mann*, 622 S.W.3d 586, 590 (Tex. App.—Texarkana 2021, no pet.) (reviewing the trial court's findings that the record was not lost or destroyed and its recommendation to deny a request for new trial and nonetheless concluding that the appellant was entitled to a new trial); *see also Beal v. State*, No. 01-12-00896-CR, 2016 WL 1267805, at *6 (Tex. App.—Houston [1st Dist.] Mar. 31, 2016, no pet.) (providing we review de novo the trial court's conclusion of law that appellant is entitled to a new trial under Rule 34.6(f)); *Edith Roman v. State*, No. 08-13-00019-CR, 2014 WL 886877, at *2 (Tex. App.—El Paso Mar. 5, 2014, no pet.) (stating we review de novo a ruling on whether inaudible portions of the transcript warrant a new trial).

---

[3] We note that even though there exists a Zoom recording, a record cannot be taken from it alone and the recording cannot be substituted for the record. A recording generated when a hearing is held by Zoom is not a substitute for a proper reporter's record because it is not possible for a court reporter to certify the accuracy and completeness of a transcript of a proceeding that no court reporter personally attended or reported. *See* Tex. R. App. P. 35.3(b); *see also Matter of Guardianship of Semrad*, No. 01-21-00491-CV, 2023 WL 5534251, at *12 (Tex. App.—Houston [1st Dist.] Aug. 29, 2023, no pet.) (mem. op.). A hearing that is held by Zoom that is not otherwise recorded by a court recorder cannot qualify for inclusion in the reporter's record under the electronic-recording provision of the appellate rules. *See* Tex. R. App. P. 34.6(a) ("If the proceedings were electronically recorded, the reporter's record consists of certified copies of all tapes or other audio-storage devices on which the proceedings were recorded, any of the exhibits that the parties to the appeal designate, and certified copies of the logs prepared by the court recorder under Rule 13.2."). Although the Texas Supreme Court has authorized Bexar County to use electronic recordings in lieu of court reporters, there are no findings from the trial court indicating that these Zoom recordings were recorded and logged by the official court recorder. *See* RULES GOVERNING THE PROCEDURE FOR MAKING A RECORD OF COURT PROCEEDINGS BY ELECTRONIC RECORDING, *reprinted in* TEXAS RULES OF COURT-STATE 477 (2025). Without findings and a certified log from the court recorder, the Zoom hearings—or transcripts created from the recordings—cannot be substituted for a reporter's record on appeal. Even assuming the recordings were made by Laurel as part of his official materials, the record shows that he cannot transcribe the inaudible English translations and cannot then certify the accuracy of any further transcription. Unfortunately, we lack the required findings and certifications, and we conclude these recordings do not satisfy the requirements of the procedural rules.

We conclude Alazzawi has shown a significant portion of the reporter's record is lost; that no fault is attributable to him; that the lost portion is necessary to his appeal; and that the parties cannot agree to a replacement of the missing portion of the record. Accordingly, we find the elements of Rule 34.6(f) are all met and Alazzawi is entitled to a new trial on both the protective order signed on July 9, 2021, and the final decree rendered on September 26, 2023. Tex. R. App. P. 34.6(f); *Arshad v. Imperial Star Energy, LLC*, No. 08-24-00306-CV, 2025 WL 2997029, at *2 (Tex. App.—El Paso Oct. 24, 2025, no pet.) (reversing and remanding for a new trial when the record from trial was lost through no fault of the appellant).

Alazzawi does request that we limit our new trial order to the divorce proceeding only, and that we vacate and dismiss the protective order based on mootness due to its expiration. In the alternative, Alazzawi requests that "if this Court determines that vacating the protective order rulings and dismissing the protective order appeal is not the proper remedy," that we also grant his motion for new trial as to the protective order and remand for a new trial. The general rule is that a case becomes moot and unreviewable when it appears that a party seeks to obtain relief based on an alleged controversy when in reality none exists. *Williams v. Lara,* 52 S.W.3d 171, 184 (Tex. 2001); *State for Prot. of Cockerham v. Cockerham,* 218 S.W.3d 298, 301 (Tex. App.—Texarkana 2007, no pet.). An appellate court may review a case after it becomes moot, however, under the collateral consequences exception. *FDIC v. Nueces County,* 886 S.W.2d 766, 767 (Tex. 1994). Generally, expired temporary protective orders are considered moot on appellate review. *James v. Hubbard,* 21 S.W.3d 558, 560 (Tex. App.—San Antonio 2000, no pet.). However, a protective order based on a finding of family violence carries a social stigma even after the order has expired. *Cockerham,* 218 S.W.3d at 302.

Here, the protective order entered against Alazzawi was signed on July 9, 2021, and was set to expire on June 30, 2023. Because it has now expired and no actual controversy currently

8

exists regarding its enforceability, the issue would ordinarily be rendered moot at this point. *Hubbard,* 21 S.W.3d at 560. However, under the collateral consequences exception to the mootness doctrine, the order's expiration is not rendered moot on appeal. *See Cannon v. Cannon*, No. 02-21-00404-CV, 2023 WL 1859881, at \*2 n.4 (Tex. App.—Fort Worth Feb. 9, 2023, no pet.) (mem. op.); *see also Amir-Sharif v. Hawkins*, 246 S.W.3d 267, 270 (Tex. App.—Dallas 2007, pet. dism'd w.o.j.) (providing that the Texas Family Code "requires [] information in a protective order be entered into the state-wide law information system where it presumably remains for various purposes" (citing Tex. Fam. Code Ann. § 86.0011)). Based on the collateral consequences exception, we would proceed to review the merits of the protective order regardless of its expiration. But because we have concluded that the reporter's record has been lost, and it was necessary for our review of the protective order, we also conclude that Alazzawi is entitled to a new trial on the protective order in accordance with his alternative request. Tex. R. App. P. 34.6(f) (stating "[a]n appellant is entitled to a new trial" when required elements are met).

## III. CONCLUSION

Because we conclude that a significant and necessary portion of the record of this appeal has been lost or destroyed through no fault of Alazzawi, and because the lost portions cannot be replaced by agreement of the parties, we grant Alazzawi's motion for new trial, we reverse the decree of divorce and the final protective order, and we remand them both for a new trial. *See* Tex. R. App. P. 34.6(f).


GINA M. PALAFOX, Justice

April 13, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

9